IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARVIS JACKSON,

    Plaintiff,                       No. CIV S-08-0135 LKK GGH P

    vs.

LESLI M. CALDWELL,

    Defendant.                  FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the amended complaint filed February 12, 2008. For the following reasons, the court recommends that this action be dismissed.

        The only named defendant is Public Defender Caldwell. Plaintiff alleges that defendant Calwell wrongfully had plaintiff declared incompetent and civilly committed pursuant to Cal. Penal Code § 1370. The criminal process will resume against plaintiff once he his found competent to proceed. Cal. Penal Code § 1370. As relief, plaintiff seeks money damages and an order directing that he be released.

        In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the

1

1  investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial
2  ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter
3  charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from
4  custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the
5  complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  Id.

In order to obtain money damages, plaintiff's commitment must be invalidated, expunged or reversed.  Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1149-40 (9th Cir. 2005)(Heck applies to detainees under an involuntary civil commitment).  Because plaintiff's commitment order still stands, his claim for damages is barred by Heck.

Turning to plaintiff's request for injunctive relief, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue.  See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982).

/////

Plaintiff's claims involve state proceedings that are judicial in nature. These state proceedings involve important state interests. It is clear that plaintiff may raise his constitutional issues in these judicial proceedings. For these reasons, plaintiff's claims for injunctive relief are barred by the <u>Younger</u> doctrine.

Because plaintiff cannot cure the pleading defects discussed above, the court recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/23/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

jack135.dis